UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J. THOMPSON,<br><br>               Petitioner,<br><br>   v.<br><br>DANIEL PARAMO,<br><br>               Respondent. | No. 2:18-cv-1156-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

     Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He is serving an indeterminate life sentence and seeks expungement of a disciplinary infraction, which resulted in the loss of good time credits, on the grounds that the proceedings failed to satisfy due process requirements. *See* ECF No. 1.

     Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief . . . ." The court has conducted the review required under Rule 4 and concludes that summary dismissal of the petition is required.

/////

---

[1] He has paid the filing fee.

A prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). In the context of disciplinary proceedings, the U.S. Court of Appeals for the Ninth Circuit has concluded that the mere fact that a disciplinary decision may be considered as a factor in denying parole is insufficient to confer habeas jurisdiction on the court. *Id.* at 934-35. In this case, expungement of petitioner's disciplinary infraction will not guarantee his earlier release from prison, as he is serving a sentence of fifteen years to life. ECF No. 1 at 1. His claims, therefore, do not fall within the "core of habeas corpus."

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be summarily dismissed without prejudice to filing a new action pursuant to 42 U.S.C. § 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: October 11, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2